UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   GREGORY ROCKHOUSE RANCH,
         Case No. 05-16120 MR

and

MARJORIE PARRISH GREGORY,
    Case No. 05-16255 MR

and

DEBORAH LYN GREGORY,
    Case No. 05-16261 SR

and

DONALD WAYNE GREGORY,
    Case No. 05-16301 MR

and

GREGORY RANCH, a Partnership,            Case No. 11-05-15405 MR
                                         Jointly Administered

### ORDER GRANTING, IN PART, and DENYING, IN PART DEBTORS' MOTION TO QUASH OR ADJUDICATE EFFECT OF GLENN TRANSCRIPT OF JUDGMENT LIENS AS TO MARJORIE GREGORY, DEBORAH GREGORY, AND WAYNE GREGORY

THIS MATTER is before the Court on the Motion to Quash or Adjudicate Effect of Glenn Transcript of Judgment Liens as to Marjorie Gregory, Deborah Gregory and Wayne Gregory ("Motion") filed by the Jointly-Administered Debtors, by and through their attorneys of record, Louis Puccini, Jr. (on behalf of Marjorie Gregory and Deborah Gregory), and Jennie Behles (on behalf of Donald Wayne Gregory). *See* Docket #330. The Motion seeks to avoid the transcript of judgment held by Creditor Clark A. Glenn and Glenn's Water Well Services, Inc.

1

(together, "Glenn") under 11 U.S.C. § 522(f), to the extent it impairs their homestead exemption. The Motion further seeks a determination that the transcript of judgment held by Glenn is void as to Donald Wayne Gregory inasmuch as he owns no real property to which the transcript of judgment can attach, leaving Glenn with an unsecured claim as to Donald Wayne Gregory. To adjudicate the Motion, the Court must determine the effect of a lis pendens filed by Jeanne Tedford which pre-dates Glenn's transcript of judgment.

Glenn opposes the Motion[1], asserting that Donald Wayne Gregory cannot seek to determine the validity, priority and extent of Glenn's transcript of judgment unless he files an adversary proceeding as required by Rule 7001, Fed.R.Bankr.P. As to Marjorie Gregory and Deborah Gregory, Glenn asserts that the lis pendens filed by Jeanne Tedford does not constitute a lien against the property, so that the determination of the extent to which Glenn's transcript of judgment impairs the Debtors' homestead exemption must be determined without regard to the amount of Jeanne Tedford's claim as asserted in the lis pendens. Glenn filed a memorandum in support of his response, asserting additionally that Donald Wayne Gregory cannot avoid Glenn's transcript of judgment under 11 U.S.C. § 522(f) because Donald Wayne Gregory has not claimed a homestead exemption. *See* Docket #373. Marjorie Gregory, Deborah Gregory and Donald Wayne Gregory also filed letter memoranda in support of the Motion. *See* Docket # 374 and Docket # 378.

Upon review of the Motion and supporting memoranda filed by all parties, and after

---

[1] *See* Glenn's Response to Debtors' Motion to Quash or Adjudicate Effect of Glenn Transcript of Judgment Liens as to Marjorie Gregory, Deborah Gregory, and Wayne Gregory (Docket # 350).

2

considering the relevant Bankruptcy Code sections in light of applicable case law[2], the Court finds that a lis pendens does not constitute a lien against property. Consequently, the lis pendens filed by Jeanne Tedford does not factor in to the computation of liens necessary to calculate the extent to which Glenn's transcript of judgment impairs the Debtors' homestead exemptions. With regard to Donald Wayne Gregory, the Court finds that the Debtor is not entitled to avoid Glenn's transcript of judgment under 11 U.S.C. § 522(f).

FACTS

The following facts necessary to the determination of the Motion are undisputed:[3]

1. Jeanne Tedford filed a lis pendens on July 26, 1999 in Eddy County, New Mexico in the amount of $105,148.58, based on a judgment she obtained against Donald Wayne Gregory only.

2. Glenn filed a Transcript of Judgment on July 1, 2005 in Eddy County, New Mexico in the amount of $556,629.09 based on a judgment he obtained against all five Debtors.

3. Debtor Marjorie Gregory and her non-filing spouse, Larry Gregory, own a personal residence as community property.[4] The property is valued at $250,000.00.

---

[2]None of the parties cited any relevant case law on this issue, but merely recited the applicable New Mexico lis pendens statute, and argued their respective positions based on the statutory language.

[3] The parties stipulated to the values recited in Exhibit Z to the Debtors' Disclosure Statement.

[4]Glenn observes that neither Larry Gregory nor Scott Gregory are debtors, and asserts that they may not claim federal exemptions in the community property as part of the bankruptcy proceeding. The statements and schedules filed in Marjorie Gregory's and Deborah Gregory's bankruptcy proceeding reflect that the non-filing spouses each claimed a homestead exemption in the amount of $9,200.00. (*See* Schedule C filed in Marjorie Gregory's Case No. 11-05-16255 MR as Docket # 19; and Schedule C filed in Deborah Gregory's Case No. 11-05-16261 MR as Docket # 18). No objections to the Debtors' claimed exemptions were timely filed. *See* Rule

3

4. Debtor Marjorie Gregory claimed a homestead exemption in the residence in the amount of $18,400.00.

5. The consensual liens against Marjorie Gregory's residence are as follows:

| Secured Creditor | Lien Amount | Date |
|---|---|---|
| Carlsbad National Bank | $15,579.17 | November 9, 1995 |
| North American Mortgage Company | $54,343.00 | August 1, 1998 |
| TOTAL: | $69,922.17 | |

6. Debtor Deborah Gregory and her non-filing spouse, Scott Gregory, own a personal residence as community property. The property is valued at $95,000.00

7. Debtor Deborah Gregory claimed a homestead exemption in the residence in the amount of $18,400.00.

8. The consensual liens against Deborah Gregory's residence are as follows:

| Secured Creditor | Lien Amount |
|---|---|
| Carlsbad National Bank | $76,603.45 |

9. Donald Wayne Gregory owns no real property.

DISCUSSION

---

4003(b), Fed.R.Bankr.P. ("A party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later."). While it is possible to defend a debtor's motion to avoid a creditor's lien by questioning the debtor's right, as a matter of law, to claim an exemption in such property, *In re Patterson,* 275 B.R. 578, 582-584 (Bankr.D.Colo. 2002) (noting a split in authority as to whether the failure to timely object to a debtor's claimed exemption precludes a creditor from later objecting to the debtor's exemption in defense of a debtor's lien avoidance action, and allowing lien creditor to challenge the exemption in defense of debtor's lien avoidance action), Glenn stipulated to the figures contained in Exhibit Z to the Disclosure Statement for purposes of the Motion, and suggests that the non-filing spouses may nevertheless be entitled to claim exemptions under state law. The Court, therefore, need not address Glenn's argument.

4

Lien Avoidance Under 11 U.S.C. § 522(f).

Under 11 U.S.C. § 522(f), a debtor can avoid a judicial lien to the extent it impairs an exemption to which the debtor would have been entitled. 11 U.S.C. § 522(f)[5]; *In re Coats,* 232 B.R. 209, 212 (10th Cir. BAP 1999) ("Section 522(f)(1)(A) permits a debtor to avoid a creditor's lien in exempt property if the debtor's interest in that property would be exempt but for the existence of the lien."). Impairment is determined by applying the following formula, found in 11 U.S.C. § 522(f)(2):

> For purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of --
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.
>
> 11 U.S.C. § 522(f).

Transcripts of judgment are the type of judicial lien that is avoidable under 11 U.S.C. § 522(f). *See* 4 Collier on Bankruptcy ¶ 522.11[2] (Alan N. Resnick and Henry J. Sommer, eds, 15th ed. rev. 2006) (noting that "[i]n most states, the docketing of the judgment will create a judicial lien on any real estate located in the county where the judgment is docketed."). Thus to determine the extent to which the Debtors can avoid Glenn's transcript of judgment the Court must apply

---

[5]That section provides, in relevant part:
> Notwithstanding any waiver of exemptions, . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is --
>     (A) a judicial lien . . .
>
> 11U.S.C. § 522(f).

5

the formula found in 11 U.S.C. § 522(f)(2). *Coats,* 232 B.R. at 214 ("Whether a judicial lien impairs an exemption is determined by applying the formula set forth in § 522(f)(2).").

Application of 11 U.S.C. § 522(f) as to Deborah Gregory

With regard to Deborah Gregory, the consensual liens against the property, together with the claimed homestead exemption exceed the value of the property, leaving no equity in the property to which Glenn's transcript of judgment can attach:

| | |
|---|---|
| Property Value: | $95,000.00 |
| Carlsbad National Bank mortgage: | $76,603.45[6] |
| Homestead Exemption amount: | $18,400.00 |
| Total: | $95,003.45 |

Glenn's transcript of judgment therefore impairs Debtor Deborah Gregory's homestead exemption and can be avoided in its entirety in accordance with 11 U.S.C. § 522(f). *Cf. Coats,* 232 B.R. at 214 (concluding that debtor could avoid the judicial lien where the amount of the mortgage lien, the judicial lien, and the homestead exemption amount exceeded the value of the property); *See also, In re Pepper,* 210 B.R. 480, 485 (Bankr.D.Colo. 1997) ("[I]n making the section 522(f)(2)(A) analysis, one is to add the amount of the allowed homestead, the amount of the judgment and the outstanding balance of the debt secured by all other liens. To the extent this sum exceeds the value of the property, the judgment lien "impairs" the exemption and may be avoided.").

---

[6]Glenn points out that the balance of the debt to Carlsbad National Bank is based on the last proof of claim, and that there is no evidence of the value of the claim as of the petition date, and that because this loan appears to be an amortizing loan, the present balance would be less, suggesting that there may be equity in the property to which Glenn's lien could attach. Because the parties have stipulated to the values reported in Exhibit Z, this argument need not be addressed.

6

Effect of Tedford Lis Pendens

Debtors assert that the lis pendens filed by Jeanne Tedford must be included as part of the calculation to determine the extent of the impairment of Debtor Marjorie Gregory's homestead exemption.[7] The New Mexico lis pendens statute, N.M.S.A. 1978 § 38-1-14 (Repl. Pamp. 1998) provides, in relevant part:

> In all actions in the district court of this state . . . affecting title to real estate in this state, the plaintiff, . . . may record with the county clerk of each county in which the property may be situate a notice of the pendency of the suit . . . , and shall be constructive notice to a purchaser or encumbrancer of the property concerned; and any person whose conveyance is subsequently recorded shall be considered a subsequent purchaser or encumbrancer and shall be bound by all of the proceedings taken after the recording of the notice to the same extent as if he were made a party to the said action.

N.M.S.A. 1978 § 38-1-14 (Repl.Pamp. 1998).

Debtors point to the language of the statute which provides that the recording of a lis pendens binds "any person whose conveyance is subsequently recorded" to argue that Glenn is bound by whatever proceedings occur as a result of the lis pendens. Glenn counters that a lis pendens recorded in accordance with N.M.S.A. 1978 § 38-1-14 serves to put third parties on notice of a pending lawsuit, and does not, in itself, constitute a lien. Neither party cited any relevant case law in support of their respective positions. Nor was a copy of the lis pendens or a copy of the complaint which forms the basis of the litigation that is the subject of the lis pendens supplied to the Court. Debtors' disclosure statement describes the litigation with Jeanne Tedford as

> a separate Complaint for Foreclosure (to foreclose the interest of Donald Wayne Gregory) on a Judgment against Donald W. Gregory only that was filed July 14, 2004. The Plaintiff has claimed an interest in certain property by virtue of her Judgment in

---

[7]Debtors concede that they have since reached a settlement with Jeanne Tedford which will, if approved by the Court, result in a release of the lis pendens. *See* Stipulated Settlement of Various Claims Between the Debtors and Jene Tedford (Docket # 357).

7

which some of the other Defendants claim an interest and Plaintiff has filed to partition certain real estate own by other Defendant/Debtors.

Fourth Amended Disclosure Statement for the Jointly Administered Debtors for the Second Amended Joint Reorganization Plan, p. 14 (Docket # 237).

In *Title Guar. and Ins. Co. v. Campbell,* 106 N.M. 272, 277, 742 P.2d 8, 13 (Ct. App. 1987), the New Mexico Court of Appeals considered the New Mexico lis pendens statute, stating that "a notice of lis pendens provides constructive notice to subsequent purchasers and encumbrancers of litigation affecting the title to real property." (citing *Superior Constr., Inc. v. Linnerooth,* 103 N.M.716, 712, P.2d 1378 (1986)). If a judgment is ultimately entered in favor of the party filing the notice of lis pendens, then "the rights of that party relate back to the date of the notice." *Id.* (citation omitted). But if the result of the litigation is a money judgment, rather than an award of the land, such judgment does not become a lien against the property until a transcript of judgment is issued and recorded in the county where the property is located. *Id.*[8] In such a situation, a notice of lis pendens is "not effective in itself to create a lien." *Campbell,* 106 N.M. at 277, 742 P.2d at 13.[9]

---

[8]*See also* N.M.S.A. 1978 § 39-1-6 (Repl. Pamp. 2006), which provides, in relevant part:

> The judgment shall be a lien on the real estate of the judgment debtor from the date of the filing of the transcript of the judgment in the office of the county clerk of the county in which the real estate is situate.

N.M.S.A. 1978 § 39-1-6 (Repl. Pamp. 2006).

[9]Other jurisdictions have noted that the filing of a lis pendens does not, in itself, create a lien on real property. *See Palatine Nat'l Bank of Palatine, Illinois v. Strom (In re Strom),* 97 B.R. 532, 535-536, n.9 (Bankr.D.Minn. 1989), *aff'd,* 921 F.2d 836 (8th Cir. 1991) (noting that, under Minnesota law, "the sole function of a lis pendens is to give notice of the pendency of an action (citations omitted) . . . . The filing of a notice of lis pendens does not create a lien on property.")(citing *Green Hill Corp. v. Kim,* 842 F.2d 742, 744 (4th Cir. 1988) ("Under Virginia law, the filing of a memorandum of lis pendens neither creates nor enforces a lien.") and *Sierra*

In this case, the Court need not consider whether any subsequent judgment resulting from the lis pendens filed by Jeanne Tedford might relate back to the date of the recording of the lis pendens. Based on the information provided to the Court, the lawsuit represented by the lis pendens has not resulted in any judgment awarding the property against which the lis pendens was filed to Ms. Tedford. Moreover, the nature of Ms. Tedford's claim against the real estate is not clear from the Debtors' description of the litigation in their disclosure statement. If Ms. Tedford had no claim to the property against which she filed the lis pendens at the time of the filing of the lis pendens, the lis pendens would not meet the requisites for filing a lis pendens under New Mexico law. *See Superior Constr., Inc. v. Linnerooth,* 103 N.M. 716, 719, 712 P.2d 1378, 1381 (1986) ("'[A] notice of lis pendens may be properly filed only if plaintiff pleads a cause of action which involves or affects the title to, or any interest in or a lien upon, specifically described real property.'")(quoting *Rehnberg v. Minnesota Homes, Inc.,* 236 Minn. 230, 233-234, 52 N.W.2d 454, 456 (1952)). *See also, United States v. Jarvis,* 499 F.3d 1196, 1203 (10th Cir. 2007) (noting generally that "the party recording the notice [of lis pendens] must assert a present claim to the property's title or have some other present interest in the subject property.")(citation omitted).

Debtors bear the burden of showing that their exemption is impaired, which, in this case, would require the Debtors to demonstrate how Ms. Tedford's lis pendens could constitute a lien

---

*v. Santana (In re Sierra),* 79 B.R. 89, 91 (Bankr.S.D.Fla. 1987) ("Under Florida law, the recording of a Notice of Lis Pendens serves as notice of the pendency of an action relating to the property described in the notice . . . There is no indication . . . that the filing and recording of a lis pendens constitutes a lien . . ."); *David Leonard Associates, P.C. v. Airport-81 Nursing Care, Inc., (In re Airport-81 Nursing Care, Inc.),* 32 B.R. 960, 964 (Bankr.E.D.Tenn. 1983)(noting that under Tennessee law, "filing a notice of lien lis pendens . . . does not in and of itself create a lien. Such a filing is merely a procedural step.").

9

against real property. *See In re Thompson,* 263 B.R. 134, 138 (Bankr.W.D.Okla. 2001)("Debtors bear the burden of proof on all lien avoidance issues.")(citation omitted); *In re Kerbs,* 207 B.R. 211, 214 (Bankr.D.Mont. 1997) ("On motions to avoid lien pursuant to 11 U.S.C. § 522(f), moving parties bear the burden of proof on all avoidance issues.")(citations omitted). Neither the facts nor the law offered by Debtors support that conclusion. Based on the foregoing, the Court finds that the lis pendens has no effect on the determination of whether Glenn's transcript of judgment impairs the Debtor's homestead exemption.

<u>Application of 11 U.S.C. § 522(f) as to Marjorie Gregory</u>

Having determined that the lis pendens filed by Jeanne Tedford does not constitute a lien against the real property owned by Marjorie Gregory, the Court will determine the extent to which Glenn's transcript of judgment impairs the claimed homestead exemption as to Marjorie Gregory. As explained in *Pepper,* 210 B.R. at 485, cited above, this calculation is made by adding the amount of the homestead exemption, the judgment lien, and the balance of the debt secured by other liens, and avoiding the lien to the extent the sum exceeds the value of the property.[10]  In this case, the calculation results as follows:

---

[10]The same result is reached by applying the impairment formula enunciated by the court in *In re Brantz,* 106 B.R. 62, 68 (Bankr.E.D.Pa. 1989), a case favorably cited in dicta by the Supreme Court in *Owen v. Owen,* 500 U.S. 305, 313, n.5, 111 S.Ct. 1833, 1838, n.5, 114 L.Ed.2d 350 (1991). *Brantz* directs the court to determine the extent of the impairment as follows: 1) determine the value of the property upon which the judicial lien is sought to be avoided; 2) deduct from that figure the total of the liens not to be avoided; 3) deduct the debtor's allowable exemptions; 4) avoid the judicial lien unless the figure reached in 3) is positive; and 5) if the figure reached in 3) is positive, do not allow avoidance of the liens, in order of priority, to that extent only. *Brantz,* 106 B.R. at 68. In this case, the *Brantz* formula is computed as follows:

| | |
|---|---|
| Value of the property: | $250,000.00 |
| Less the consensual liens -- | |
|    Carlsbad National Bank: | $ 15,579.17 |
|    North American Mortgage Company | $ 54,343.00 |
| Less homestead exemption: | $ 18,400.00 |
| equity in the property: | $161,677.83 |

|  |  |
|---|---|
| Claimed homestead exemption: | $ 18,400.00 |
| Glenn's Transcript of Judgment: | $556,629.09 |
| consensual liens: |  |
|     Carlsbad National Bank: | $ 15,579.17 |
|     North American Mortgage: | $ 54,343.00 |
| Total: | $644,951.26 |
| Value of the property: | $250,000.00 |

Thus, Glenn's transcript of judgment impairs the claimed exemption to the extent of $394,951.26.[11] The equity in the property after accounting for the consensual liens and the claimed homestead exemption is $161,677.83. Glenn's transcript of judgment attaches to the equity, leaving Glenn with a partially secured claim.

Effect of 11 U.S.C. § 522(f) when Debtor owns no real property

Debtors correctly assert that Glenn's transcript of judgment is unsecured as to Donald Wayne Gregory because he owns no real property to which the transcript of judgment can attach. *See* N.M.S.A. 1978 § 39-1-6 (Repl. Pamp. 2006) (a transcript of judgment "shall be a lien on the *real estate of the judgment debtor* from the date of the filing of the transcript of the judgment in the office of the clerk of the county in which the real estate is situate.")(emphasis added). But the fact that Glenn's transcript of judgment is not secured by any real property does not entitle the Debtors to avoid the transcript of judgment under 11 U.S.C. § 522(f). Section 522(f) is unavailable to Donald Wayne Gregory because he has no real property in which to claim a homestead exemption. As explained by the Court in, *In re Cassar,* 137 B.R. 1022, 1023

---

[11]$644,951.26(total liens and homestead exemption) - $250,000.00 (value of the property).

11

(Bankr.D.Colo. 1992), when the debtors have no real property as of the date of the filing of their bankruptcy petition, they have no exemption, and 11 U.S.C. §522(f) only entitles the debtors to avoid the lien to the extent it impairs an exemption; "therefore[,] without any evidence that these 'liens' do actually impair an exemption, and to what extent, there is no way for the Court to make any findings necessary under § 522(f)."  The Court, therefore, concludes that the Motion to avoid Glenn's transcript of judgment under 11 U.S.C. § 522(f) as to Debtor Donald Wayne Gregory must be denied.  Glenn's transcript of judgment represents an unsecured claim against the estate of Debtor Donald Wayne Gregory.

WHEREFORE, IT IS HEREBY ORDERED, that the Motion is GRANTED, in part, and DENIED, in part, as follows:

1. Glenn's transcript of judgment is avoided as to Deborah Gregory;

2. Glenn's transcript of judgment is avoided to the extent of $394,951.26 as to Marjorie Gregory.  Glenn's transcript of judgment represents a secured claim against the estate of Marjorie Gregory in the amount of $161,677.83; and

3. Debtors' Motion to avoid Glenn's transcript of judgment as to Donald Wayne Gregory is denied.  Glenn's transcript of judgment is an unsecured claim against the estate of Donald Wayne Gregory.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

Jennie D Behles
Attorney for Debtors
PO Box 7070
Albuquerque, NM 87194-7070

Louis Puccini, Jr
Attorney for Debtors
PO Box 30707
Albuquerque, NM 87190-0707

Daniel J. Behles
Attorney for Glenn
226-A Cynthia Loop NW
Albuquerque, NM 87114