UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: GREGORY ROCKHOUSE RANCH,
       Case No. 05-16120 MR

and

MARJORIE PARRISH GREGORY,
       Case No. 05-16255 MR

and

DEBORAH LYN GREGORY,
       Case No. 05-16261 SR

and

DONALD WAYNE GREGORY,
       Case No. 05-16301 MR

and

GREGORY RANCH, a Partnership,                    Case No. 11-05-15405 MR
                                                 Jointly Administered

### ORDER OVERRULING GLENN'S OBJECTION TO CLAIM #3 FILED BY THE CARLSBAD NATIONAL BANK

THIS MATTER is before the Court on the objection filed by Clark Glenn and Glenn's Waterwell Service, Inc. (together, "Glenn") to The Carlsbad National Bank's claim number 3. (*See* Docket # 353). The Carlsbad National Bank ("CNB") filed a brief in response to Glenn's

1

objection (*See* Docket # 385[1]), and Glenn filed a memorandum in reply (*See* Docket #390[2]). At issue is whether CNB has a secured claim against the estate of Gregory Ranch, a Partnership ("Gregory Ranch"). Upon review of the documents in light of the testimony on this issue, the Court finds that CNB holds a security interest in partnership assets of Gregory Ranch. Glenn's objection to Claim # 3 of CNB will, therefore, be overruled.[3]

## FACTS AND DISCUSSION

CNB asserts that it has a security interest in the water rights of Gregory Ranch resulting from a loan CNB granted to Union Home & Industrial, Inc. in March 18, 2003.[4] As part of this loan transaction, Gregory Rockhouse Ranch, LLC, Larry L. Gregory, Marjorie P. Gregory, Scott Gregory, Deborah Lynn Gregory, Wayne Gregory and Faye Jean Gregory granted CNB a Mortgage, Security Agreement, Assignment and Financing Statement ("Mortgage").[5] The Mortgage was signed by the following parties in the following identified capacities: 1) Gregory Rockhouse Ranch, LLC, by Norman Scott Gregory, also known as Scott Gregory, manager and member, and by Larry L. Gregory, manager and member; 2) Larry L. Gregory, individually; 3) Marjorie P. Gregory (wife of Larry Gregory); 4) Scott Gregory, individually; 5) Deborah Lyn

---

[1]CNB's memorandum also supports confirmation of the Debtors' Chapter 11 Plans. Confirmation matters, including Glenn's assertion that the Debtors' Chapter 11 Plans artificially impair CNB's claim in order to manufacture an accepting, impaired class, will be addressed by separate memorandum opinion.

[2]Glenn's response also addresses confirmation issues, which the Court will consider by separate memorandum opinion.

[3]Glenn's objection to CNB's claim # 3 also asserts that the claim was filed maliciously and falsely, in violation of 18 U.S.C. § 152(4).

[4]*See* Exhibit 6 from hearing on confirmation of Debtors' plans of reorganization.

[5]*See* Exhibit 7 from hearing on confirmation of Debtors' plans of reorganization.

2

Gregory (wife of Scott Gregory); 6)Wayne Gregory, individually; and 7) Faye Jean Gregory (wife of Wayne Gregory). The Mortgage grants to CNB

> [A]ll of Mortgagor's right title, and interest, whether now owned or hereafter acquired by Mortgagor, in the lands, leases, contracts, wells, interests, and/or water rights described in Exhibit "A" and Exhibit "B" attached hereto and made a part hereof . . .
>
> Mortgage, p.1.

Exhibit "A" to the Mortgage is titled "Gregory Rockhouse Ranch Water Stations Information" and identifies certain water stations by location, as well as certain other water rights contracts for sale, a right of way grant/temporary use permit, a water development easement, and a water station operating agreement. Station #2 as described on Exhibit "A" to the Mortgage, describes its location and identifies Gregory Ranch as the property owner. Other stations identified on Exhibit "A" recite that the property is owned by Rockhouse Ranch, Lois Clayton, Jerry and June Lackey, or is leased from the state. Exhibit "B" to the Mortgage consists of Water Right Summaries and Transaction Summaries from the New Mexico Office of the State Engineer identifying certain permitted, and declared water rights. The documents attached as Exhibit "B" to the Mortgage identify the following parties as "Owners": Scott, Larry, Wayne Gregory; Scott & Larry Gregory; Larry & Scott Gregory; Gregory Rockhouse Ranch - Contact: Scott Gregory; and Gregory Rockhouse, LLC.

      Gregory Ranch is a general partnership comprised of Norman Scott Gregory, Donald Wayne Gregory, and Larry Gregory. Each partner holds a one-third interest in the Gregory Ranch Partnership. At the final hearing on confirmation, Norman Scott Gregory testified that the following collateral listed on Exhibit "A" to the Mortgage is owned by Gregory Ranch: Station #2, and the right of way grant/temporary use permit identified as item 2, page 2 of

Exhibit "A" to the Mortgage. He testified further that the water rights on stations 1, 2, and 3 are combined and comingled water rights on Gregory Rockhouse Ranch, LLC and Gregory Ranch. With regard to Exhibit "B" to the Mortgage, Norman Scott Gregory testified that the only entity that Scott Gregory, Larry Gregory and Wayne Gregory own together is Gregory Ranch, such that the papers filed with the New Mexico State Engineer's office that reflect Scott Gregory, Larry Gregory, and Wayne Gregory as owners, are water rights of Gregory Ranch. As to some of the water rights listed in Exhibits "A" and "B" to the Mortgage that are identified as water rights of Gregory Rockhouse Ranch, LLC, Norman Scott Gregory testified that he thought they were Gregory Ranch rights, or that Gregory Ranch had an interest in those even though it reflects Gregory Rockhouse Ranch, LLC.

At issue is whether individual partners, not specifically identified as signing on behalf of the partnership, can pledge partnership property as collateral for a loan granted to an entity or party other than the partnership. Glenn asserts that because the partnership is not identified as the mortgagor, and because the signatories to the Mortgage are not identified as signing on behalf of Gregory Ranch, the fact that the property pledged as collateral may, in fact, constitute partnership property fails to create a security interest in favor of CNB against the estate of Gregory Ranch.

CNB cites *Dotson v. Grice,* 98 N.M. 207, 209, 647 P.2d 409, 411 (1982) for the proposition that "[p]artners may treat realty as partnership property without changing the record title to that of the partnership." Based on this statement of the law, the fact that Norman Scott Gregory, Donald Wayne Gregory, and Larry Gregory are the only partners to Gregory Ranch, the fact that these parties signed the Mortgage, and the fact that these parties are identified as

4

owners of certain water rights listed in Exhibit "B" to the Mortgage, CNB asserts that it has a security interest in Gregory Ranch assets listed on Exhibits "A" and "B" to the Mortgage. This Court agrees.

Under applicable New Mexico partnership law[6], partnership property held in the name of the individual partner(s) can be transferred "by an instrument of transfer executed by the persons in whose name the property is held." N.M.S.A. 1978 § 54-1A-302(a)(2) (Repl. Pamp. 1996).[7] Thus a security interest in partnership assets was created when the individual partners signed the Mortgage individually to grant a security interest in the partnership assets listed in Exhibits "A" and "B." It is clear from the testimony that the parties intended to grant a security interest in the water rights to CNB, and that some of the water rights listed in Exhibits "A" and "B" are partnership assets of Gregory Ranch. By having all three partners of Gregory Ranch sign the Mortgage, a security interest in Gregory Ranch partnership assets held in the name(s) of the individual partners was granted in favor of CNB.

---

[6]After January 1, 2000, the Uniform Partnership Act (1994), N.M.S.A. 1978 §§ 54-1A-101 to 54-1A-1005, applies to all partnerships. N.M.S.A. 1978 § 54-1A-1005(b) (Repl. Pamp. 1996).

[7]That section provides:
> Partnership property held in the name of one or more persons other than the partnership, without an indication in the instrument transferring the property to them of their capacity as partners or of the existence of a partnership, may be transferred by an instrument of transfer executed by the persons in whose name the property is held.

N.M.S.A. 1978 § 54-1A-302(a)(3)(Repl. Pamp. 1996).

WHEREFORE, IT IS HEREBY ORDERED that Glenn's Objection to Claim #3 of CNB is overruled.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

Daniel J Behles
Attorney for Clark Glenn and Glenn's Water Well Service
226-A Cynthia Loop NW
Albuquerque, NM 87114-1100

Jennie D Behles
Attorney for Gregory Ranch, a Partnership and Donald Wayne Gregory
PO Box 7070
Albuquerque, NM 87194-7070

Louis Puccini, Jr.
Attorney for Gregory Rockhouse Ranch, LLC, Deborah Lyn Gregory, Marjorie Gregory
PO Box 30707
Albuquerque, NM 87190-0707

George "Dave" Giddens, Jr.
Attorney for The Carlsbad National Bank
10400 Academy Rd NE Ste 350
Albuquerque, NM 87111-1229