UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: GREGORY ROCKHOUSE RANCH,
        Case No. 05-16120 MR

and

MARJORIE PARRISH GREGORY,
        Case No. 05-16255 MR

and

DEBORAH LYN GREGORY,
        Case No. 05-16261 SR

and

DONALD WAYNE GREGORY,
        Case No. 05-16301 MR

and

GREGORY RANCH, a Partnership,        Case No. 11-05-15405 MR
                                                                                                                       Jointly Administered

**ORDER DENYING MOTION TO DISQUALIFY VOTES OF
CLARK GLENN AND GLENN'S WATER WELL SERVICE, INC.**

THIS MATTER is before the Court on the Motion to Disqualify Votes of Clark Glenn and Glenn's Water Well Service, Inc. ("Motion"), filed by the jointly administered Debtors, by and through their attorneys, Jennie Deden Behles and Louis Puccini, Jr. The Motion seeks to disqualify the votes of Clark Glenn and Glenn's Water Well Service, Inc. (together, "Glenn") under 11 U.S.C. § 1126(e)[1] on grounds that Glenn's vote to reject the Debtors' plan of

---

[1]That section provides:
    On request of a party in interest, and after notice and a hearing, the court may designate any entity whose acceptance or rejection of such plan was not in good faith, or was not solicited or procured in good faith or in accordance with the provisions of this title.

11 U.S.C. § 1126(e).

reorganization was not filed in good faith.  Glenn has voted to reject the Debtors' plan(s)[2] of reorganization even though the plan(s) acknowledges that his claim is fully secured.   Debtors assert that Glenn's insistence on being paid exhibits his personal animosity toward the Debtors, and that his aggressive attempts to collect on his judgment pre-petition show that Glenn wants to put Gregory Rockhouse Ranch, LLC out of the oil drilling service business.  Debtors argue that Glenn's opposition to confirmation serves only his own interest, and prejudices all other creditors because it impedes confirmation of a plan which provides for payment of all creditors in full.  Glenn admits that he has filed several objections in this case, and has been aggressive in attempting to collect on his judgment, but denies that these actions serve as grounds to disqualify his vote, and denies that his vote to reject the Debtors' plan(s) was cast in bad faith.[3]

The Court finds that Debtors have failed to show that Glenn's rejection of the Debtors' plan(s) was in bad faith or that Debtors have otherwise demonstrated sufficient grounds upon which to disqualify Glenn's vote.  Consequently, the Motion will be denied.

## DISCUSSION

---

[2] The Debtors' bankruptcy proceedings are jointly administered, not consolidated.  Thus the jointly administered plan of reorganization in fact constitutes five separate plans of reorganization. *See In re Amdura Corp.,* 121 B.R. 862, 868 (Bankr.D.Colo. 1990) (noting that "joint administration does not create a substantive consolidation" of debtors).

[3] Glenn also correctly points out that 11 U.S.C. § 1126(e) requires notice and a hearing, and that no evidentiary hearing on the Motion has occurred.  *See* Glenn's Reply to Debtor's and Carlsbad National Bank's Response Memoranda, p. 28 (Docket # 390). But because all of the issues raised by all parties to this proceeding are intertwined and ultimately bear on confirmation, and because there was an extensive evidentiary hearing on confirmation from which there is sufficient evidence for the Court to determine this issue, and because, based on this evidence the Court will resolve the Motion in favor of Glenn, the Court need not deny the Motion on this basis.  *See* 11 U.S.C. § 102(1)(A) ("'after notice and a hearing', . . . means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances").

A creditor's vote may be designated under 11 U.S.C. § 1126(e) and not counted for purposes of determining acceptance of a debtor's plan of reorganization if the vote was not cast in good faith. 11 U.S.C. § 1126(e). The party seeking to disqualify a creditor's vote has the burden of showing that the acceptance or rejection of a plan was not made in good faith. *In re United Marine, Inc.,* 197 B.R. 942, 947 (Bankr.S.D.Fla. 1996) ("The burden is on the objecting creditor to sustain its claim under § 1126(e) that acceptance or rejection of the plan was not in good faith . . ."). Bad faith sufficient to disallow a vote generally requires a showing that "'a vote was cast for the ulterior purpose of securing some advantage to which the creditor would not otherwise have been entitled.'" *In re Lloyd McKee Motors, Inc.,* 157 B.R. 487, 489 (Bankr.D.N.M. 1993)(quoting *In re Marin Town Center,* 142 B.R. 374, 378-379 (N.D.Cal. 1992)(remaining citations omitted). Pure malice, strikes, blackmail, or the purposeful destruction of a debtor's business in order to gain a competitive business advantage can evidence a lack of bad faith sufficient to disqualify a creditor's vote under 11 U.S.C. § 1126(e). *In re Landing Associates, Ltd.,* 157 B.R. 791, 802 (Bankr.W.D.Tex. 1993)(citing *In re Federal Support Co.,* 859 F.2d 17, 19 (4th Cir. 1988)(citing *In re Pine Hill Collieries, Co.,* 46 F.Supp. 669, 671 (E.D.Pa. 1942)); *In re The MacLeod Co., Inc.,* 63 B.R. 654, 655-656 (Bankr.S.D.Ohio 1986) (same). But "[c]reditors are not obligated to provide an explanation for their rejection of the plans." *Lloyd McKee,* 157 B.R. at 489. Nor is a creditor prohibited from voting in its own economic self interest. *See* 7 Collier on Bankruptcy, ¶ 1126.06[1] (Henry J. Sommer and Alan N. Resnick, eds., 15th ed. rev. 2006) (noting that "[t]he mere pursuit of economic gain does not, of itself, indicate bad faith on the part of a creditor, as long as the interest being served is that of creditor as creditor, as opposed to creditor in some other capacity.").

In considering whether a vote is cast in good faith, "the Court must decide whether the creditor opposes the plan because of how it affects its claim, or instead, because the creditor really seeks to obtain some collateral advantage in another capacity." *In re Dune Deck Owners Corp.,* 175 B.R. 839, 845 (Bankr.S.D.N.Y. 1995).   Here, the Court cannot find that Glenn's vote to reject the Debtors' plan(s) was aimed at putting the Debtors out of business to the advantage of Glenn's competing business rather than a rejection of the Debtors' proposal to pay his claim under the plan over time.  Glenn's rejection appears consistent with his determination of his own self-interest that he does not like the treatment of his claim in the Debtors' plan(s).   Nor is their an indication that Glenn's rejection of the Debtors' plan secures him any undue advantage with regard to his secured claim.   The Court will not infer an ulterior motive sufficient to designate Glenn's votes under these circumstances.  Debtors have not met their burden of showing that Glenn's vote should be disqualified under 11 U.S.C. § 1126(e).

WHEREFORE, IT IS HEREBY ORDERED, that the Motion is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Court

COPY TO:

Jennie D Behles
Attorney for Debtors
PO Box 7070
Albuquerque, NM 87194-7070

Daniel J. Behles
Attorney for Glenn
226-A Cynthia Loop NW
Albuquerque, NM 87114

Louis Puccini, Jr
Attorney for Debtors
PO Box 30707
Albuquerque, NM 87190-0707

4