# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:   GREGORY ROCKHOUSE RANCH,
        Case No. 05-16120 MR

and

MARJORIE PARRISH GREGORY,
        Case No. 05-16255 MR

and

DEBORAH LYN GREGORY,
        Case No. 05-16261 SR

and

DONALD WAYNE GREGORY,
        Case No. 05-16301 MR

and

GREGORY RANCH, a Partnership,        Case No. 11-05-15405 MR
                                                                                                               Jointly Administered

## ORDER DENYING AS PROCEDURALLY IMPROPER APPELLANTS' MOTION FOR LEAVE TO APPEAL (DOCKET # 430)

THIS MATTER is before the Court on Appellants' Response to Bankruptcy Appellate Panel's Order to Show Cause Why Appeal Should Not Be Considered For Dismissal as Interlocutory and Motion for Leave to Appeal ("Motion for Leave to Appeal").   Gregory Rockhouse Ranch, Marjorie Parrish Gregory, Deborah Lyn Gregory, Donald Wayne Gregory and Gregory Ranch, a Partnership (together, Appellants) filed a Notice of Appeal of this Court's Memorandum Opinion and Order Denying Confirmation of Second Amended Jointly Administered Debtors' Plan of Reorganization, as Amended ("Order"), appealing the Order to

1

the Bankruptcy Appellate Panel for the Tenth Circuit ("BAP").

The BAP then issued an order to show cause why the appeal should not be dismissed as interlocutory, and in response Appellants filed the Motion for Leave to Appeal with the BAP and with this Court. Clark Glenn and Glenn's Waterwell Service, Inc. filed a response in opposition to the Motion for Leave to Appeal (*See* Docket # 433), and The Carlsbad National Bank filed a response in support of the Motion for Leave to Appeal (*See* Docket #435). The Court held a final hearing on the Motion for Leave to Appeal, after which the Court took the matter under advisement. Because the Court finds that the Motion for Leave to Appeal is appropriately considered by the reviewing court, not the bankruptcy court, the Court will deny as procedurally improper the Motion for Leave to Appeal.

DISCUSSION

Leave to appeal is governed by 28 U.S.C. § 158(a)[1] and by Rule 8003, Fed.R.Bankr.P. [2]

---

[1]That section provides, in relevant part:
    (a) The district courts of the United States shall have jurisdiction to hear appeals
        (1) from final judgments, orders, and decrees;
        . . . .; and
        (3) with leave of the court, from other interlocutory orders and decrees.
    28 U.S.C. § 158(a)(1) and (3).
Subsection (b) of that section provides for the creation of bankruptcy appellate panels, and subsection (c) provides that appeals will be heard by the bankruptcy appellate panel unless the appellant or any other party elects to have the appeal heard by the district court. 28 U.S.C. § 158(b) and (c)(1).

[2]Rule 8003, Fed.R.Bankr.P. provides:
    (a) **Content of Motion; Answer**. A motion for leave to appeal under 28 U.S.C. § 158(a) shall contain: (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto. Within 10 days after service of the motion, an adverse party may file with the clerk an answer in opposition.
    (b) **Transmittal; Determination of Motion.** The clerk shall transmit the notice

2

Subsection (b) of Rule 8003 directs the clerk to transmit a motion for leave to appeal to the district court or to the bankruptcy appellate panel. Rule 8003(b), Fed.R.Bankr.P. Thus from this rule it is apparent that a party seeking leave to appeal should file the motion with the bankruptcy court, and that the clerk of the bankruptcy clerk will transmit the motion to the appropriate reviewing court. Similarly, 28 U.S.C. § 158(a), provides the district court with appellate jurisdiction, and allows for appeals from other interlocutory orders "with leave of the court", which within the context of this section logically means the district court. At the final hearing on the Motion for Leave to Appeal, Appellants suggested that Rule 8003 does not foreclose the bankruptcy court from deciding a request for leave to appeal. This Court disagrees.

In *In re C.R. Davidson Co., Inc.,* 232 B.R. 549 (2nd Cir. BAP 1999), the Bankruptcy Appellate Panel for the Second Circuit discussed the procedure for obtaining leave to appeal, noting that "[a]ppeal of an interlocutory order may be taken only with the leave of the *panel*." *Davidson,* 232 B.R. at 553 (emphasis added). The *Davidson* court found that the prescribed procedure for obtaining leave to appeal was not followed either by the parties or the bankruptcy

---

of appeal, the motion for leave to appeal and any answer thereto to the clerk of the district court or the clerk of the bankruptcy appellate panel as soon as all parties have filed answers or the time for filing an answer has expired. The motion and answer shall be submitted without oral argument unless otherwise ordered.

       © **Appeal Improperly Taken Regarded as Motion for Leave to Appeal.** If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court or the bankruptcy appellate panel may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal. Unless an order directing that a motion for leave to appeal be filed provides otherwise, the motion shall be filed within 10 days of entry of the order.

3

court. *Id.* The motions failed to contain the necessary statement of facts; the bankruptcy court clerk failed to transmit the motions to the panel; and the bankruptcy court "improperly acted upon the motions and issued orders granting leave to appeal[.]" *Id.* at 553-554. *Davidson* makes it clear that the bankruptcy court should not consider motions requesting leave to appeal.

This result is consistent with the tenet that the reviewing court retains the power to decide whether it will consider an appeal. Thus, any decision by the bankruptcy court to grant a request for leave to appeal would not be binding on the reviewing court. Unlike a motion for stay pending appeal, where the trial court must consider the impact of the matter on appeal in order to decide whether to suspend ongoing proceedings before it, a motion requesting leave to appeal determines whether the appeal itself should continue and, therefore, should be confined to the discretion of the reviewing court.

The Motion for Leave to Appeal was filed both with the BAP, in response to its order to show cause, and in this Court. It is appropriate for the BAP to consider and rule on the Motion for Leave to Appeal, and procedurally inappropriate for this Court to weigh in on that determination.

WHEREFORE, IT IS HEREBY ORDERED, that the Motion for Leave to Appeal is DENIED as improperly before this Court.

_____
MARK B. McFEELEY
United States Bankruptcy Court

Date entered on docket: February 11, 2008

4

Case 05-15405-j11    Doc 438    Filed 02/11/08    Entered 02/11/08 10:29:46 Page 4 of 5

COPY TO:

Daniel J Behles
Attorney for Clark Glenn and Glenn's Water Well Service
226-A Cynthia Loop NW
Albuquerque, NM 87114-1100

Jennie D Behles
Attorney for Gregory Ranch, a Partnership and Donald Wayne Gregory
PO Box 7070
Albuquerque, NM 87194-7070

Louis Puccini, Jr.
Attorney for Gregory Rockhouse Ranch, LLC, Deborah Lyn Gregory, Marjorie Gregory
PO Box 30707
Albuquerque, NM 87190-0707

George "Dave" Giddens, Jr.
Attorney for The Carlsbad National Bank
10400 Academy Rd NE Ste 350
Albuquerque, NM 87111-1229