UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: GREGORY ROCKHOUSE RANCH, LLC,
(Case No. 11-05-16120 MR)

and

MARJORIE PARRISH GREGORY,
(Case No. 11-05-16255 MR)

and

DEBORAH LYN GREGORY,
(Case No. 11-05-16261 SR)

and

DONALD WAYNE GREGORY        Jointly Administered with and
(Case No. 11-05-16301 MR        Captioned as Case No. 11-05-15405 MR

GREGORY RANCH, a Partnership,

Debtor.

## ORDER OVERRULING DEBTORS' OBJECTION TO CLAIM OF FARM CREDIT, AND DIRECTING COUNSEL FOR FARM CREDIT TO SUBMIT ADDITIONAL INFORMATION RELATING TO ITS SUPPLEMENTAL CLAIM FOR ATTORNEYS' FEES

THIS MATTER is before the Court on the Debtors' Objection to Claim of Farm Credit (Docket No. 499). Farm Credit has asserted an additional claim against the estate in the amount of $8,816.80 representing unpaid attorneys' fees, costs, expenses and taxes incurred in defense of certain litigation initiated by Jeanne Tedford in Eddy County District Court as Case No. CV-99-33 ("Tedford Litigation") contesting Farm Credit's lien priority as to certain real property owned by the Debtors as well as attorneys' fees incurred in connection with the bankruptcy proceeding. *See* Supplement to Claim filed by Debtors on Behalf of Farm Credit and Response

1

to Debtors' Objection to Claim of Farm Credit ("Farm Credit's Supplement and Response") - Docket No. 509.  Farm Credit holds a Mortgage and Security Agreement executed by Donald Wayne Gregory, Faye Gregory, Larry Gregory, Marjorie Gregory, Norman Scott Gregory, and Deborah Gregory which included a provision obligating the mortgagors to pay Farm Credit's costs and expenses incurred in any suit in which it "may be obliged to defend or protect its lien under bankruptcy laws or other laws."  *See* Mortgage and Security Agreement, ¶ 7, attached as Exhibit B to Farm Credit's Supplement and Response.  Debtors assert that because the litigation was initiated by Ms. Tedford, and not the Debtors, there is no basis for Farm Credit's supplemental claim.  The parties filed a Stipulation of Facts Concerning the Post-Petition Claim of Farm Credit and Debtors' Objection Thereto ("Stipulation").  Docket No. 534.  Debtors filed a brief in support of their objection, Farm Credit filed a response, and the Debtors filed a reply. *See* Docket Nos. 539, 546, and 547.

Upon review of the Farm Credit's claim, the Debtors' objection, the parties' supporting briefs, the Stipulation, and the documents attached to the Stipulation, and being otherwise sufficiently informed, the Court finds that the fee provision contained in Farm Credit's loan documents is sufficiently broad to include the attorneys' fees asserted by Farm Credit in its supplemental claim.  Accordingly, the Debtors' objection will be overruled.

## DISCUSSION

<u>The Fee Provision Contained in the Loan Documents is Sufficient to Cover the Fees Requested by Farm Credit in its Supplemental Claim</u>

The loan documents executed by Donald Wayne Gregory, Faye Jean Gregory, Larry L. Gregory, Marjorie P. Gregory, Norman Scott Gregory and Deborah Gregory contain the following provision:

LEGAL FEES. If this loan is placed in the hands of an attorney for collection or to protect or enforce Lender's rights in bankruptcy or otherwise, Lender may collect its attorneys' fees, court costs, and other expenses as provided by applicable law. If allowed by law, all of these expenditures by Lender shall be secured by security for this loan and shall become principal under this loan. The expenses shall be immediately payable and shall bear interest as provided in the INTEREST RATE AND PAYMENT CHANGES paragraph of this Note and Loan Agreement. Lender shall solely determine the propriety of paying theses expenses and Borrower shall have no action against Lender for payment under this paragraph.

*See* Stipulation - Exhibit A

Similarly, the Mortgage and Security Agreement contains the following provision:

REIMBURSEMENT OF COSTS AND EXPENSES TO MORTGAGEE. To promptly reimburse the MORTGAGEE for all costs and expenses which the MORTGAGEE may incur in any suit to foreclose this mortgage, **or in any suit in which the MORTGAGEE may be obliged to defend or protect its lien under bankruptcy laws or other laws**, or any of the other rights it may have under this mortgage, including all abstract fees, all court costs, a reasonable attorney's fee where allowed by law, and all other expenses. Any expenses so incurred by the MORTGAGEE shall be secured by this mortgage, may be included in any decree of foreclosure, and may be added as advances to the loan balance when paid, as provided in the section labeled "ADVANCES" below.

*Id.* (emphasis added).

"There is no general basis under the Bankruptcy Code for disallowing a claim for attorney's fees that is valid under applicable state law." 4 Collier on Bankruptcy, ¶ 506.04[3][a][I], p. 506-117 (Alan N. Resnick and Henry J. Sommer, eds., rev. 15th ed. 2008). Nor does the fact that fees are incurred post-petition in connection with the Debtors' bankruptcy proceeding serve as grounds for disallowance of a creditor's claim for fees based upon an enforceable contractual right to attorneys' fees.[1]

---

[1]*See Travelers Casualty & Surety Company of America v. Pacific Gas & Electric Co.,* 549 U.S. 443, 456, 167 L.Ed. 2nd 178, 127 S.Ct. 1199, 1204 (2007) (holding that court of appeals erred in disallowing contractual claim for attorney's fees based on the fact that the fees at issue were incurred litigating bankruptcy issues)

3

Contractual attorney fee provisions are enforceable under New Mexico law.[2] The Court will enforce a contract according to its unambiguous terms.[3] The language contained in Farm Credit's loan documents is broad enough to encompass the fees incurred by Farm Credit in defense of the Tedford Litigation and its attorneys' fees incurred in connection with the Debtors' bankruptcy proceeding. Farm Credit was named in the Tedford Litigation and defended its lien position therein. *See* Exhibit B - Answer of Defendant Farm Credit of New Mexico, FCLA and Alternative Counter Claim and Cross Claim for Foreclosure. The contractual fee provision contained in the Mortgage and Security Agreement expressly provides for recovery of fees incurred in defending Farm Credit's lien position, whether under bankruptcy or other applicable laws. Similarly, the fee provision contained in the note which expressly covers fees incurred by Farm Credit "to protect or enforce Lender's rights in bankruptcy or otherwise" is sufficiently broad to cover post-petition fees incurred by Farm Credit in connection with the Debtors' bankruptcy case.

<u>Laches Does not Bar Farm Credit's Supplemental Claim</u>

The Debtors assert that the doctrine of laches should bar Farm Credit's claim. Debtors

---

[2]*See, e.g., Montoya v. Villa Linda Mall, Ltd.,* 110 N.M. 128, 793 P.2d 258 (1990)(upholding award of attorneys fees as provided under the terms of the contract); *Dennison v. Marlowe,* 108 N.M. 524, 775 P.3d 726 (1989) (holding that unambiguous contractual provision to award attorneys' fees included fees incurred for appellate work).

[3]*See Dennison v. Marlowe,* 108 N.M. at 527 (enforcing provision for attorneys' fees, stating that "[w]hen no ambiguity has been raised or argued, we uphold the plain and unambiguous wording of the contractual provision.")(citing *CC Housing Corp. v. Ryder Truck Rental, Inc.,* 106 N.M. 577, 746 P.2d 1109 (1987)). *See also Montoya v. Villa Linda Mall, Ltd.,* 110 N.M. at 129 (acknowledging that an agreement can contain a contractual provision for an award of attorneys' fees, and stating that "a determination of what fees are authorized is a matter of contract interpretation.")(citation omitted).

4

argue that Farm Credit did not assert its supplemental claim for attorneys' fees until more than two years after the filing of the Debtors' bankruptcy petition, despite the fact that the majority of the claimed fees relate to pre-petition litigation expenses incurred by Farm Credit in defense of the litigation initiated by Ms. Tedford. Laches serves to bar relief from those who delay the assertion of their claims for an unreasonable length of time, and will be applied when the delay causes a prejudicial change to the defending party's position.[4]

The Debtors' plan classified Farm Credit's claim as follows:

Class 11 - The allowed claims against Gregory Ranch, a Partnership, as follows:

> Class 11(a) - The secured claim of Farm Credit Association. This claim shall be paid in accordance with the prepetition note and mortgage. This claim is unimpaired.

Class 13 - The allowed claims against Donald Wayne Gregory:

> Class 13(a) the allowed unsecured claim of Farm Credit of New Mexico against Donald Wayne Gregory. This claim shall be paid in accordance with the terms of the pre-petition contract securing this claim on an asset owned by Gregory Ranch. The claimant shall retain its lien on Gregory Ranch property.

Similarly, the Debtors' confirmed plan provided for treatment of Farm Credit's claim as follows:

> Class 11(a) - The secured claim of Farm Credit Association. This claim shall be paid in accordance with the terms of the prepetition note and mortgage without modification.

> Class 13(a) - The allowed unsecured claim of Farm Credit of New Mexico against Donald Wayne Gregory. This claim shall be paid in accordance with the terms of the pre-petition contract securing this claim on an asset owned by Gregory Ranch. The claimant shall retain its lien on Gregory Ranch property.

---

[4]*See O'Brien v. Wheelock,* 184 U.S. 450, 493, 46 L.Ed. 636, 22 S.Ct. 354 (1902)("The doctrine of courts of equity to withhold relief from those who have delayed the assertion of their claims for an unreasonable length of time is thoroughly settled. Its application depends on the circumstances of the particular case. It is not a mere matter of lapse of time, but of change of situation during neglectful repose, rendering it inequitable to afford relief.").

5

Given that the loan documents included an attorneys' fee provision, and given that the confirmed plan provides for payment of Farm Credit's claim "in accordance with the terms of the prepetition note and mortgage *without modification*" (emphasis added), the Court does not find that there is evidence of prejudice sufficient to disallow Farm Credit's claim under the doctrine of laches.

<u>The Fees Are Subject to Reasonableness Standards</u>

Pursuant to 11 U.S.C. § 506(b) post-petition fees asserted as part of a creditor's secured claim are subject to reasonableness. *See* 11 U.S.C. § 506(b).[5] Whether the attorneys' fees allowed under 11 U.S.C. § 506(b) are reasonable should be determined in accordance with federal reasonableness standards.[6] Farm Credit points out that 11 U.S.C. § 506(b) applies only to over-secured creditors, and there is insufficient information contained in the Stipulation from which the Court can determine whether Farm Credit's claim is over secured. But its own loan documents include a reasonableness requirement. *See* Mortgage and Security Agreement.

---

[5]That section provides, in relevant part:
> To the extent that an allowed secured claim is secured by property the value of which, . . . is greater than the amount of such claim, there shall be allowed to the holder of such claim, . . . any reasonable fees, costs, or charges provided for under the agreement . . . under which such claim arose.

11 U.S.C. § 506(b).

[6] *See* 4 Collier on Bankruptcy (Alan N. Resnick and Henry J. Sommer, eds., 15th ed.rev. 2008) ¶ 506.04[3][a][ii] (stating that "the courts have been far more uniform in holding that they have inherent power to determine the reasonableness of the amount of any attorney's fees to be allowed under section 506(b) and that reasonableness is to be determined in accordance with federal standards.")(citing *Official Committee of Unsecured Creditors v. Dow Chem Corp. (In re Dow Corning Corp.)*, 456 F3d 668, 686 (6th Cir. 2006) (remaining citations omitted)).

6

The Court, therefore, finds that Farm Credit's requested fees must be reviewed for reasonableness.[7] To assist the Court in its assessment of reasonableness, counsel for Farm Credit must submit an affidavit and detailed fee application in support of the requested fees.

WHEREFORE, IT IS HEREBY ORDERED, that the Debtors' objection is overruled, in part. Farm Credit is entitled to supplement its claim with its claim for attorneys' fees.

ORDERED FURTHER, that, within 10 days of the date of entry of this Order, Mr. Phil Brewer shall file an affidavit setting forth the following:

1. His regular hourly rate;

2. The percentage of clients he charges his regular hourly rate;

3. The date he began charging his regular hourly rate;

4. Whether his regular hourly rate has changed since July 1, 2005; and if so, the dates and amount of each change to his regularly hourly rate through the present time.

ORDERED FINALLY, that within thirty days of the date of entry of this order, counsel for Farm Credit shall file a fee application which sets forth with specificity the tasks performed, time spent on each task, and amount charged, including all work represented by its supplemental

---

[7]*Cf. Dennison v. Marlowe,* 108 N.M. at 527 (holding that contractual provision for attorneys' fees included fees for appellate work, and remanding case for determination of reasonableness); *State ex rel. Nichols v. Safeco Ins. Co. of America,* 100 N.M. 440, 671 P.2d 1151 (Ct. App. 1983) (interpreting The Little Miller Act, N.M.S.A. § 13-4-19 and finding that reasonable attorney's fees may be awarded when the surety bond sued upon expressly provided for collection of attorney's fees).

7

claim in the amount of $8,816.80, and any additional work performed in connection with the bankruptcy case, including the time spent preparing the fee application.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket: June 12, 2009

COPY TO:

Phil Brewer
Attorney for Farm Credit
PO Box 298
Roswell, NM 88202

Louis Puccini, Jr.
Attorney for Debtors Gregory Rockhouse Ranch, LLC,
Deborah Lyn Gregory, and Marjorie Parrish Gregory
PO Box 30707
Albuquerque, NM 87190

Jennie D. Behles
Attorney for Debtors Gregory Ranch, Partnership,
and Donald Wayne Gregory
PO Box 7070
Albuquerque, NM 87194

J:\Orders\GregoryRockhouseFarmCreditBrewerOrder.wpd